Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

NORTHERN District of FLORIDA

TALLAHASSEE Division

Case No. 4:24-CV-524 MW MJF
*(to be filled in by the Clerk's Office)*

JOSEPH (JOEY) LUZIER, III

_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

SGT. V. HUGGINS, SGT. J. CHUNN, SGT. SPIVEY,
SGT. HITCHCOCK, CLASSIFICATION SUPERVISOR
PRIDGEN, CLASSIFICATION OFFICER CASTANO

_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

DEMAND FOR JURY TRIAL

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.


FILED USDC FLND TL
DEC 23 '24 PM3:44



Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | JOSEPH (JOEY) LUZIER III |
| All other names by which you have been known: | |
| ID Number | ~~E24178~~ 4038002 |
| Current Institution | ~~Hamilton Corr. Inst. Annex~~ Brevard Co. Jail |
| Address | ~~10650 SW 46th St.~~ 860 Camp Road |
| | ~~Jasper~~ Cocoa ~~FL~~ FL ~~32052~~ 32927 |
| | *City*     *State*     *Zip Code* |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | V. Huggins |
| Job or Title *(if known)* | Security Threat Group Sergeant |
| Shield Number | |
| Employer | Wakulla Corr. Inst. Annex |
| Address | 110 Melaleuca Drive |
| | Crawfordville     FL     32327 |
| | *City*     *State*     *Zip Code* |

☑ Individual capacity   ☐ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | J. Chunn |
| Job or Title *(if known)* | Protective Management Unit Sergeant |
| Shield Number | |
| Employer | Wakulla Corr. Inst. Annex |
| Address | 110 Melaleuca Drive |
| | Crawfordville     FL     32327 |
| | *City*     *State*     *Zip Code* |

☑ Individual capacity   ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name                        FNU Spivey
Job or Title *(if known)*    Sergeant
Shield Number
Employer                    Wakulla Corr. Inst. Annex
Address                     110 Melaleuca Drive
                            Crawfordville        FL        32327
                            *City*               *State*   *Zip Code*
☑ Individual capacity   ☐ Official capacity

Defendant No. 4
Name                        FNU Hitchcock
Job or Title *(if known)*    Sergeant
Shield Number
Employer                    Wakulla Corr. Inst. Annex
Address                     110 Melaleuca Drive
                            Crawfordville        FL        32327
                            *City*               *State*   *Zip Code*
☑ Individual capacity   ☐ Official capacity

(See Attached Page for Additional Defendants)

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1) Eighth Amendment to the United States Constitution - Failure to Protect
2) Eighth Amendment to the United States Constitution - Failure to Intervene
3) Eighth Amendment to the United States Constitution - Supervisor Liability

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

B. The Defendants cont.

Defendant No. 5
    Name :                S. Castano
    Job or Title :        Protective Management Classification Officer
    Shield Number :
    Employer :        Wakulla Corr. Inst. Annex
    Address :         110 Melaleuca Drive
                     Crawfordville, Fl. 32327
                     (City)     (State) (Zip Code)

             ☑ Individual Capacity   ☐ Official Capacity

Defendant No. 6
    Name :                A. Pridgen
    Job or Title :        Classification Supervisor
    Shield Number :
    Employer :        Wakulla Corr. Inst. Annex
    Address :         110 Melaleuca Drive
                     Crawfordville, Fl. 32327
                     (City)     (State) (Zip Code)

             ☑ Individual Capacity   ☐ Official Capacity

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

At all times material hereto, Defendants Huggins, Chunn, Spivey, Hitchcock, Castano and Pridgen was employed by the Florida Department of Corrections at Wakulla Correctional Institution Annex and were acting under color of law.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

The incident mentioned herein occurred at Wakulla Corr. Inst. Annex 110 Melaleuca Drive, Crawfordville, FL, 32327 between August 18th, 2022 and September 10th, 2022.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

August 18th, 2022 @ approx. 9pm until September 10th, 2022 @ approx. 4am.

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(See attached pages 5a – 5h of 11)

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Thoughts of Suicide
Mental Trauma
Post Traumatic Stress Disorder
Nightmares
Flashbacks
Swollen head
Swollen eye
the only treatment received medically was Ibuprofen for pain.
Plaintiff is being treated with psychiatric medication to treat mental injuries

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

A) Nominal Damages; and
B) Compensatory Damages; and
C) Punitive Damages; and
D) Reasonable Attorney fees, litigation expenses and costs pursuant to 42 U.S.C. § 1988 and any other applicable law; and
E) Such and other just and proper relief.; and
F) Jury Trial pursuant to Rule 38 of Federal Rules of Civil Procedure on all issues capable of being determined by a jury.

D. What are the facts underlying your claim?

1) On August 18th, 2022, the Plaintiff, who identified at all times herein as a male to female transgender at high risk of assault and was under Protective Management, housed on a Protective Management Unit at Wakulla C.I. Annex, was taken to confinement from the Protective Management Unit dorm (M-2) due to officers finding a homemade weapon under Plaintiff's bed in the open bay setting attached to a magnet.

2) Plaintiff was given a Disciplinary Report and referred to Close Management 2 (CM2) for "Possession Of Weapon".

3) After a thorough investigation conducted by Colonel Jeremy Proctor, it was discovered by review of the fixed video surveillance in M-2 Dorm that the homemade weapon was planted under the Plaintiff's bed by inmate Matthew Sexton-DC# 133540, resulting in the Plaintiff's Disciplinary Report and Close Management Referral were dismissed.

4) On September 6th, 2022, the Plaintiff, having knowledge of soon being released from confinement and sent back to the Protective Management Unit, was pulled out of her confinement cell to speak to Security Threat Group (STG) Sergeant, V. Huggins, and Protective Management Sergeant, J. Chunn regarding Plaintiff's safety concerns about being returned to the M-2 Protective Management dorm and requested to be sent to L-Dorm which was the other Protective Management (PM) dorm at Wakulla C.I. Annex. Plaintiff, after bringing her safety concern to Sgt. V. Huggins and Sgt. J. Chunn, was told by Sgt. J. Chunn, "We'll work it out.", and was then sent back to her confinement cell.

5) On September 7th, 2022, Plaintiff submitted a DC6-236

5b of 11

Inmate Request Form to Classification Supervisor A. Pridgen and PM Classification Officer S. Castano stating her concern of being returned to M-2 dorm and requested to be sent to L1 or L2 dorm which also housed PM inmates who had no interaction with M dorm inmates. On September 9th, 2022, PM Classification Officer, S. Castano, ignored the Plaintiff's concern by falsifying a response on the DC6-236 Inmate Request Form stating, "You are pending CM review", when Plaintiff was not pending a CM review. (See "Exhibit A")

6) On September 9th, 2022, confinement housing Sergeant, Sgt. Hitchcock approached Plaintiff's cell (J2-106) and told Plaintiff to pack her property because she was being released from confinement and being sent back to M-2 dorm. Plaintiff advised Sgt. Hitchcock of her safety concern of being returned to M-2 dorm and requested to be sent to L1 or L2 dorm to ensure her safety, and Sgt. Hitchcock denied Plaintiff's concern and request and told Plaintiff she must go back to M-2 dorm.

7) On September 9th, 2022 after being released from confinement and sent to M-2 dorm despite multiple attempts to be sent to L1 or L2 due to being in fear of her safety in M-2 dorm, upon arrival to M-2 dorm, Plaintiff approached dorm Sergeant, Sgt. Spivey, while he was conducting his routine security check of M-2 and raised the safety concern issue with him and asked to be sent to L1 or L2 to ensure her safety. Sgt. Spivey, loud enough for the entire dorm to hear him stated, "If you were not snitching and telling Churn and Huggins everything you wouldn't have any problems. You made your own bed, now your fat ass has to sleep in it." Sgt. Spivey then laughed and said, "Now he's gonna tell his lawyer," before walking off the wing, leaving Plaintiff in a precarious

situation and in even more fear of her life and safety."

8) On September 10th, 2022 at 3:22am, the Plaintiff went into the bathroom to use the bathroom and was physically assaulted by inmate Micheal Hicks - DC# J26658 due to retaliation because of inmate Sexton getting in trouble for planting the homemade weapon under Plaintiff's bed and because of what Sgt. Spivey said in front of the dorm.

9) The Plaintiff immediately reported the assault to an unknown officer in M-2 dorm and said officer contacted the shift Officer In Charge (OIC), Captain Miley, who reported to the dorm, placed the Plaintiff in confinement pending Protective Review, despite already being on a Protective Management Status, then returned to M-2 dorm to review the fixed video surveillance where he confirmed the physical assault of Plaintiff. Captain Miley then placed inmate Micheal Hicks - DC# J26658 and inmate Jason Sims - DC# 889210 pending disciplinary action for assaulting the Plaintiff, in confinement.

10) On September 12th, 2022, at approximately 4:05am, Colonel Jeremy Proctor was conducting rounds in confinement and the Plaintiff stopped Colonel Proctor to give him six (6) DC6-112C Witness Statement Forms the Plaintiff wrote about being in fear of Chung, Huggins, Spivey, Hitchcock, Castano and Pridgen for failing to uphold their duty to protect the Plaintiff who is a high risked transgender and Protective Management inmate who sought help from them to ensure her safety.

11) After all the above events took place, then and only then was the Plaintiff brought before the Institutional Classification Team (ICT) which included Defendant A. Pridgen, and was Granted a "Resolve Protection Transfer"

to the Protective Management Unit at Columbia Corr. Inst. Annex, in an attempt to correct the failure of their duty to protect the Plaintiff.

## COUNT #1

### VIOLATION OF 42 U.S.C. § 1983 - FAILURE TO PROTECT
### (against all defendants)

Plaintiff repeats and re-alleges paragraphs 1 through 11 above, as if fully set forth herein and further alleges:

12) Plaintiff is entitled to relief against defendants for their failure to protect her in violation of the Eighth Amendment to the U.S. Constitution.

13) The Eighth Amendment's prohibition on cruel and unusual punishment requires prison officials to "take reasonable measures to guarentee the safety of the inmates." (Farmer v. Brennan, 511 U.S. 825, 832 (1994)) (internal quotation marks omitted). The duty to protect encompasses "protect[ing] prisoners from the violence at the hands of other prisoners." Id. at 833 (internal quotation marks omitted), which they failed to do.

14) The Plaintiff, a transgender woman in a male prison, who was classified as a Protective Management inmate, was incarcerated at Wakulla Corr. Inst. Annex under conditions posing a substantial risk of serious harm. Specifically, because of her status and previous offenses, Defendants Huggins, Chunn, Spivey, Hitchcock, Castano and Pridgen knowingly and willingly ignored Plaintiff's multiple requests for assistance seeking to be placed in another dorm due to being in fear of her life and safety in M-2 dormitory, and housed Plaintiff in M-2 dormitory anyways, resulting in Plaintiff being physically assaulted. All the Defendants

knew of each other's decision to house Plaintiff in M-2 dormitory, knew Plaintiff was a transgender and was at risk of physical violence, as well as a P.M. inmate, and left Plaintiff in M-2 dormitory where she was housed and physically assaulted due to their negligence.

15) Defendants, all of them, while acting under the color of state law, unlawfully and without justification jointly and severally violated the Eighth Amendment when they, with sufficiently culpable state of mind, were deliberately indifferent to the serious and present risk of housing Plaintiff in M-2 dormitory. The Defendants, all of them, ignored the risks associated with housing Plaintiff in M-2 dormitory despite Plaintiff's persistent efforts to avoid the risks by bringing it to the Defendant's attention both written and verbally.

16) As a direct and proximate result of the failure to protect, Plaintiff sustained physical and mental injuries, as she was helplessly physically assaulted by inmate Micheal Hicks - DC# J266658.

17) Plaintiff may be required to engage the services of counsel. If so, Plaintiff would be entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1983 and 1988.

WHEREFORE, Plaintiff seeks relief set forth in her Prayer for Relief below.

COUNT #2

VIOLATION OF 42 U.S.C. §1983 - FAILURE TO INTERVENE
(against all Defendants)

Plaintiff repeats and re-alleges paragraphs 1 through 11 above, as if fully set forth herein and further alleges:

18) Plaintiff is entitled to relief against all Defendants for their respective failures to intervene to stop each participating actor from placing and leaving Plaintiff in M-2 dormitory, in violation of the Eighth Amendment to the U.S. Constitution.

19) Defendants, all of them, while acting under color of state law, unlawfully and without justification jointly and severally violated the Eighth Amendment when they permitted each of the others, while acting under color of state law, to place Plaintiff in M-2 dormitory. Specifically, each Defendant having knowledge of the Plaintiff speaking to all of them, either in writing or verbally about the fear of her life and safety, in M-2 dormitory and failing to stop one another from housing Plaintiff in M-2 dormitory.

20) As a direct and proximate result of the failure to intervene, Plaintiff sustained physical and mental injuries.

21) Plaintiff may be required to engage the services of an attorney. If so, Plaintiff would be entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in her Prayer for Relief below.

## COUNT #3

### VIOLATION OF 42 U.S.C. § 1983 - Supervisor Liability
### (against A. Pridgen and J. Chunn)

Plaintiff repeats and re-alleges paragraphs 1 through 11

above, as if fully set forth herein and further alleges:

22) At all times relevent, Classification Supervisor, A. Pridgen maintained a rank and supervisory authority over P.M. Classification Officer S. Castano.

23) As the Classification Supervisor, A. Pridgen authorized P.M. Classification Officer Castano to act unlawfully.

24) Specifically, A. Pridgen allowed S. Castano to place Plaintiff back in M-2 dormitory having knowledge of the DCC-236 Inmate Request Plaintiff submitted to them on September 7th, 2022 regarding the fear of her safety and the substantial risk of physical harm to the Plaintiff by other inmates in M-2 dormitory, all in violation of the Eighth Amendment and clearly established law.

25) A. Pridgen's unconstitutional actions were motivated by failure to care about the Plaintiff's safety and reckless indifference to her Right to be free from physical violence at the hands of other inmates.

26) At all times relevent, Sergeant J. Chunn, as the Protective Management Unit Administrative Sergeant, having full knowledge of the Plaintiff's fear of her life and safety in M-2 dormitory and having knowledge of Plaintiff being a transgender who was at high risk of being assaulted, maintained a senior rank and authoritive supervisory role over Sgt. Hitchcock, Sgt. Spivey and Sgt. Huggins.

27) As the P.M. Unit Sergeant, Sgt. J. Chunn acted unlawfully by refusing to allow Huggins, Spivey and/or Hitchcock to have Plaintiff housed in L1 or L2 dormitory.

28) Specifically, Sergeant J. Chunn had the supervisory authority to tell Huggins, Spivey, and Hitchcock to house Plaintiff in L-1 or L-2 dormitory to ensure Plaintiff was not subjected to physical harm, and instead, authorized Huggins, Spivey and Hitchcock to house Plaintiff in M-2 with the known serious risk Plaintiff faced of physical harm by inmates in M-2.

29) Sgt. J. Chunn's unconstitutional actions of not taking the authoritive action to ensure Plaintiff's safety, was motivated by careless and reckless indifference to Plaintiff's Right to be free of physical violence at the hands of other inmates.

30) As a direct and proximate result of the unlawful acts of A. Pridgen and J. Chunn resulting in the Plaintiff being physically assaulted against her will, Plaintiff suffered physical and mental injuries.

31) Plaintiff may need to engage the services of an attorney. If so, Plaintiff would be entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1983 and 1988.

WHEREFORE, Plaintiff seeks relief as set forth in her Prayer for Relief below.

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Wakulla Corr. Inst. Annex
110 Melaleuca Drive
Crawfordville, FL 32327

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All claims

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

Wakulla C.I. Annex

Hamilton C.I. Annex

Secretary of Corrections

2.  What did you claim in your grievance?

Each Defendant violated my Eighth Amendment Right for failing to protect me as a "At Risk" inmate already under Protective Management Status, classified as a transgender and easy prey.

3.  What was the result, if any?

Grievances were denied at Wakulla C.I. Annex. Grievances were "Returned w/o Action at Hamilton Annex. Grievances to secretary not answered as of the filing of this complaint.

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Grievance procedure was not completed because I was transferred prior to being able to complete grievance process and when I filed the appeal to the warden prior to leaving Wakulla C.I. Annex, they were never forwarded to me at my next institution. Tried to file formal again at Hamilton Annex and they were "Returned" without action. I appealed to the Secretary.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

N/A

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

At the time of this filing, I have submitted the following grievances:

| Informal | | Formal | | Appeals |
|---|---|---|---|---|
| 122-2209-0089 | 122-2209-0092 | 2408-215-012 | 2408-215-023 | I have submitted |
| 122-2209-0090 | 122-2209-0093 | 2408-215-013 | 2408-215-024 | all appeals to the |
| 122-2209-0091 | 122-2209-0094 | 2408-215-022 | 2408-215-025 | formal grievances |

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

unknown

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____ N|A _____

Defendant(s) _____ N|A _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____ N|A _____

3.    Docket or index number

_____ N|A _____

4.    Name of Judge assigned to your case

_____ N|A _____

5.    Approximate date of filing lawsuit

_____ N|A _____

6.    Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition. _____ N|A _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____ N|A _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
      Plaintiff(s)    Joseph (Joey) Luzier
      Defendant(s)    Cleveland Wheeler, Dominik Lane, Ryan Hines Louis Ocasio

2.    Court *(if federal court, name the district; if state court, name the county and State)*

      Middle District Federal Court - Orlando Division

3.    Docket or index number
      6:24-cv-00916

4.    Name of Judge assigned to your case
      Judge Byron

5.    Approximate date of filing lawsuit
      May 16th, 2024

6.    Is the case still pending?
      ☑ Yes
      ☑ No

      If no, give the approximate date of disposition        N/A

7.    What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

      ~~Still pending~~ Agreed Settlement

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    12/19/24

Signature of Plaintiff

Printed Name of Plaintiff    Joseph (Joey) Luzier III

Prison Identification #    ~~AE24178~~ 4038002

Prison Address    860 Camp Road

Cocoa        FL        32927
_City_                _State_        _Zip Code_

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

_____
_City_        _State_        _Zip Code_

Telephone Number    _____

E-mail Address    _____

# EXHIBIT

# A

*Exhibit A*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: _____
Team Number: 9
Institution: WAK Annex

Ms. Castano or Mr. Pridgen

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☑ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other ___ |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Joseph Luzier III | DC Number<br>E24178 | Quarters<br>J2-101L | Job Assignment<br>AC | Date<br>9/7/22 |
|---|---|---|---|---|---|

**REQUEST** Check here if this is an informal grievance ☐

I would like to know what is keeping me in confinement and when I will get out? My CM review was DENIED and my DR's are resolved.

Also, due to the issue that occurred in M2 to get me in confinement, being it was proven that I was NOT at fault, could I please be sent to L1 or L2 upon my release from confinement? I do not want to be around troubled inmates and would like to be in L1 program around inmates like myself who are trying to do their time productively. I DON'T smoke, drink, sell drugs or make buck. Being around those types of inmates not only negatively effects my time, but the second hand smoke negatively effects my health and being a former cancer patient, I am easily capable of getting cancer again from second hand smoke. Please place me in L1 if possible. That would be in my BEST interest.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _Joseph Luzier III_    DC#: E24178

---

**DO NOT WRITE BELOW THIS LINE**

REC'D SEP 08 2022

## RESPONSE

DATE RECEIVED: _____

You are pending CM Review

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): J. CASTANO    Official (Signature): _Castano_    Date: 09/09/22

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

US POSTAGE
FIRST-CLASS
ZIP 32927
02.7W
0008035382
$ 002.59°
DEC 19 2024

DEC 2 3 2024

Joseph J. Luzier III - 41035002
Brevard Co. Jail Complex
860 Camp Road
Cocoa, FL 32927

United States District Court
111 N. Adams St
Tallahassee, FL 32301

ATTENTION:
This letter originated
from the Brevard
County Jail Complex