UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH LUZIER, III,

    Plaintiff,

v.                                          Case No. 4:24-cv-524-MW-MJF

V. HUGGINS, *et al.*,

    Defendants.

_____/

## ORDER

Plaintiff, a Florida prisoner proceeding *pro se*, filed an amended civil-rights complaint. Doc. 10. Plaintiff is suing seven prison officials with the Florida Department of Corrections. Plaintiff prepaid the court filing and administrative fees. Doc. 6.[1]

On March 28, 2025, the undersigned ordered Plaintiff to serve process on Defendants by the 90-day deadline, which is June 26, 2025. *See* Doc. 11 (citing Fed. R. Civ. P. 4(m)). In response, Plaintiff has filed a "Motion For Court's Mercy and Request for Defendants to be Served by

---

[1] Plaintiff admits that Plaintiff has "three strikes" under 28 U.S.C. § 1915(g). *See* Doc. 1-1 ("Due to me being a 3 strike inmate, I am required to pay the $405.00 filing fee.").

Federal Marshals." Doc. 15. Plaintiff alleges that Plaintiff lacks "necessary financial means to pay a Process Server." *Id*. at 1.

Because Plaintiff is *not* proceeding *in forma pauperis*, Plaintiff is not *entitled* to service by a Marshal or someone specially appointed. Rather, the decision to provide that assistance is within the court's discretion. *See* Fed. R. Civ. P. 4(c)(3) (providing that a district court "may" order the United States Marshals Service to effectuate service); *see also Daker v. Ward*, No. 23-10609, 2023 WL 7182358 (11th Cir. Nov. 1, 2023) (denying *pro se* prisoner's motion to order Marshal to serve defendants).

The undersigned will deny Plaintiff's request. Plaintiff's allegation of "not having necessary financial means to pay a Process Server," Doc. 15 at 1, is belied by the fact that Plaintiff prepaid the $405.00 court filing and administrative fees. *See* Doc. 6. Also, Plaintiff admitted in previous filings that Plaintiff has money not only in Plaintiff's inmate trust account but also in a bank account held by Plaintiff's mother. Doc. 5 at 1.

Plaintiff's filings also indicate that an attorney has been assisting Plaintiff. An attorney filed a complaint with the FDC on Plaintiff's behalf regarding Defendants' conduct in this case. *See* Doc. 10-1, Ex. A (FDC Complaint Form submitted by Loren Rhoton describing Rhoton's

relationship to Plaintiff as "Attorney" and stating that Rhoton was filing the complaint "on behalf of my client Joseph Luzier, DC # E24178"). Also, on February 10, 2025, a person with PACER access assisted Plaintiff in completing the "Prior Litigation" section of the complaint form. *See* Doc. 10-1, Ex. B.

For the reasons stated above, it is **ORDERED**:

1. Plaintiff's "Motion for Court's Mercy and Request for Defendants to be Served by Federal Marshals," Doc. 15, is **DENIED**.

2. Plaintiff's deadline to serve Defendants remains **JUNE 26, 2025**.

3. Plaintiff's failure to timely serve a Defendant or obtain that Defendant's waiver of service likely will result in dismissal of Plaintiff's claim(s) against that Defendant.

**SO ORDERED** on May 19, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**