## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOSEPH LUZIER,**

      **Plaintiff,**

**v.**                                  **Case No. 4:24-cv-524-MW-MJF**

**V. HUGGINS,** *et al.*,

      **Defendant.**

_____/

## MOTION TO QUASH INSUFFICIENT PROCESS
## AND TO DISMISS FOR FAILURE TO TIMELY SERVE PROCESS

Pursuant to Fed. R. Civ. P. 12(b)(4) and 4(c) &(m), Defendants Allen, Chunn, Hitchcock, Huggins, Pridgeon and Spivey ("Defendants"), respectfully move this Court to quash deficient service of process and dismiss complaint for failure to properly and timely effect service. In support, Defendants state the following:

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. On December 23, 2024, Plaintiff initiated this action by filing a 42 U.S.C. §1983 civil rights complaint in the Northern District of Florida. (Doc. 1)

2. Subsequently, this Court entered an Order directing Plaintiff to file an amended complaint using the Northern District civil rights form. (Doc. 8)

3. On February 28, 2025, Plaintiff filed an amended civil rights complaint ("Amended Complaint"), including three (3) exhibits. (Doc. 10, 10-1)

1

4. On March 28, 2025, this Court ordered Plaintiff to serve process on each Defendants by June 26, 2025, in accordance with Federal Rule of Civil Procedure 4(m). (Doc. 11)

5. On May 16, 2025, Plaintiff filed a "Motion for Court's Mercy and Request for Defendants to be Served by Federal Marshalls," alleging lack of financial resources for a process server. (Doc. 15). This Court denied Plaintiff's motion as Plaintiff had been able to pay the $405.00 court filing fee, previously alleged to have financial resources, and appeared to be receiving assistance from an attorney. (Doc. 16)

6. Plaintiff mailed the Clerk a "Notice of Change of Address" dated June 6, 2025. (Doc. 17)

7. Plaintiff then mailed a "Motion for Extension of Time" dated June 9, 2025, on the certificate of service, requesting an additional sixty (60) days to serve the Defendants. (Doc. 18) In the motion, Plaintiff alleged that it was not until June 1, 2025, that an attorney notified Plaintiff about this Court's Order (Doc. 16) requiring Plaintiff to serve Defendants by June 26, 2025. (*Id.*)

8. On June 16, 2025, this Court denied Plaintiff's request for additional time and reiterated that the deadline to serve Defendants was June 26, 2025. (Doc. 19)

9. In response to the denial, Plaintiff filed a "Motion for Reconsideration" in which Plaintiff admitted to paying $15,000.00 to a law firm representing Plaintiff in

post-conviction proceedings on June 5, 2025. (Doc. 20) The motion was denied on June 17, 2025. (Doc. 21)

10. On June 24, 2025, the Clerk entered a docket entry titled "Summons Issued as to All Defendants and provided to process server." (Doc. 22)

11. Defendants Chunn, Huggins, Pridgeon, and Spivey were personally served June 27, 2025, by a certified process server at Wakulla Correctional Institution. (Doc. 23, Exhibits A-B). Defendants were served a copy of the original complaint (Doc. 1) and summons.

12. Defendant Hitchcock was personally served with a copy of the original complaint (Doc. 1) and summons on July 2, 2025, by a certified process server at Wakulla Correctional Institution.[1] (Doc. 25 – 25-1; Exhibit C).

13. Lastly, Defendant Allen was personally served with a copy of the original complaint (Doc. 1) and summons on July 16, 2025, at Hamilton Correctional Institution. (Exhibit D)

14. On July 17, 2025, the Clerk docketed Plaintiff's "Notice of Voluntary Dismissal" in which Plaintiff Defendant Castano, and subsequently, terminated this action against Defendant Castano. (Doc. 28 & 29)

---

[1] There are two "Return of Service" for Defendant Hitchcock related to this action, with the second one being "For: James Kontos, Law Office of James G. Kontos." *See* Doc. 25-1. It is unclear whether it is a clerical error or James Kontos is an attorney assisting Plaintiff.

## <u>MEMORANDUM OF LAW</u>

**I.    Plaintiff failed to properly serve Defendants.**

Plaintiff failed to properly serve Defendants with the operative complaint rendering the process insufficient. Proper service of process requires that both valid summons and the operative complaint be served on each defendant. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)…."). The term "complaint" means the operative complaint at the time of service. An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Service of a superseded complaint is insufficient service. *See Gellert v. Richardson*, No. 95–256–CIV–ORL–19, 1996 WL 107550, at *2 (M.D.Fla.1996) (citing *Gilles v. United States*, 906 F.2d 1386, 1390 (10th Cir.1990)) (where an amended pleading supersedes the original complaint, subsequent service of the superseded prior or original pleading is improper).

Here, the operative complaint is Plaintiff's Amended Complaint (Doc. 10) filed on February 28, 2025. However, Defendants were served with the original complaint (Doc. 1) which this Court deemed deficient for failure to use the Northern District form and did not name Defendant Allen as a defendant. *See* Exhibits A-D; Doc. 1 & 8. Due to the original complaint being a nullity, Plaintiff's service of

process on Defendants must be quash due to insufficient process. *See McGee v. Cook*, 2011 WL 1365024 *4 (M.D. Fla., 2011) (citations omitted) (Where a defendant has not been properly served, courts have discretion to quash service or dismiss that defendant from the action. […] Where service is 'insufficient but curable,' courts "generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.")

**II.    Plaintiff failed to timely serve Defendants.**

Furthermore, Plaintiff failed to effect proper services of process in this case within the time allotted in Fed. R. Civ. P. 4 (m) and in this Court's Orders (Doc. 4, 16, 19). Plaintiff has failed to demonstrate good cause for failure to effect timely and proper service of process. The burden is upon the Plaintiff to demonstrate proper service of process or to show good cause for failing to timely serve process. *Systems Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc*., 776 F.2d 1304, 1305 (5th Cir. 1985)). In the absence of any evidence reflecting the requisite good cause for failure to accomplish service of process in this case, the undersigned respectfully urges this Court to dismiss this action. The Eleventh Circuit has held that courts must dismiss a complaint under Rule 4(m), unless the plaintiff demonstrated good cause or the courts finds a discretionary extension is warranted. *See Lepone-Dempsey c. Carroll Cnty, Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007); *Lloyd v. Foster*, 298

Fed.Appx. 836, 842 (11th Cir. 2008) (stating that the district court, having advised plaintiff it would dismiss any defendants he failed to serve within the allotted timeframe, was well within its discretion to carry out that promise). Lastly, N.D. Fla. Loc. R. 41.1 states that "if a party fails to comply with an applicable rule or court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken."

On March 28, 2025, Plaintiff was ordered to serve each Defendant by June 26, 2025, but summons was not issued to Defendants until June 24, 2025, and the earliest attempt of service was on June 27, 2025. *See* Doc. 11, 22, 23-24, 24-26. Instead of complying with this Court's orders, on May 12, 2025[2], Plaintiff attempted to circumvent responsibility of serving process on Defendants by alleging that Plaintiff lack the financial resources to serve Defendants. *See* Doc. 15. However, by Plaintiff's own admission, Plaintiff paid $15,000.00 to a law firm representing Plaintiff in post-conviction proceedings held on June 5, 2025. *See* Doc. 20. Additionally, based on Plaintiff's own statements ("only received notice of recent Court Order on June 1st, 2025 by an attorney,"), and indicated by Plaintiff's exhibit,

---

[2] The date notated in Plaintiff's signature block. *See* Doc.15 at 2.

Plaintiff has been receiving assistance from at least one attorney.[3] *See* Doc. 10-1, Doc. 18. Consequently, Plaintiff has not shown good cause for the delay.

     **WHEREFORE**, Defendants respectfully request the Court to quash the attempted service of process and dismiss this action against them due to Plaintiff's failure to timely achieve service of process.

Respectfully submitted,
**JAMES UTHMEIER**
ATTORNEY GENERAL

*/s/ Juanita Villalpando*
Juanita Villalpando (FBN 1036083)
Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone: (850) 414-3300
Juanita.Villalpando@myfloridalegal.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy of the foregoing *Motion to Quash Insufficient Process and to Dismiss* has been e-filed with the Clerk of the Court using the CM/ECF system on July 24, 2025, and will be furnished by U.S. Mail to: Joseph Luzier, III, ID# 4038002, Brevard C. Jail Complex, 860 Camp Road, Cocoa FL 32927 on July 25, 2025.

*/s/Juanita Villalpando*
Juanita Villalpando

---

[3] *See also* Doc. 25-1, which names the Law Firm of James G. Kontos.

7