## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JOSEPH LUZIER, III,

      Plaintiff,

v.                                                          Case No.  4:24-cv-524-MW-MJF

V. HUGGINS, *et al.*,

      Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a Florida prisoner, filed an amended complaint in which he alleges that Defendants were deliberately indifferent to Plaintiff's safety when they housed Plaintiff in a particular dormitory. Doc. 10. This report and recommendation addresses the following motions: (1) Defendants' motion to quash insufficient process and to dismiss this case for failure to timely serve process, Doc. 30; (2) Defendants' motion to accept the motion to quash and to dismiss as timely filed, Doc. 31; and (3) Plaintiff's amended motion for a default judgment, Doc. 40. The undersigned recommends that the District Court accept Defendants' motion to quash and dismiss as timely filed, grant Defendants' motion to

quash service, deny Defendants' motion to dismiss without prejudice, and deny Plaintiff's motion for a default judgment.

## I. PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections housed at the Dade Correctional Institution. Doc. 40. Plaintiff is suing six prison officials who worked at the Wakulla Correctional Institution: Sergeant Huggins, Sergeant Chunn, Sergeant Spivey, Sergeant Hitchcock, Classification Supervisor Pridgeon and Warden Allen. Doc. 10 at 2–4.[1] Plaintiff voluntarily dismissed all claims against a seventh Defendant, Sandra Castano. Doc. 28. Plaintiff alleges that in September 2022, Defendants were deliberately indifferent to Plaintiff's safety when they housed Plaintiff in a particular dormitory despite Plaintiff's "safety concern" and Plaintiff's request to be housed in a different dormitory. Doc. 10.

Plaintiff filed the amended complaint on February 21, 2025, and it was docketed on February 28, 2025. Doc. 10. On March 28, 2025, the undersigned ordered Plaintiff to have the summons and amended

---

[1] Citations to page numbers of Plaintiff's amended complaint are to the numbers assigned by the District Court's Electronic Case Filing system ("ECF").

complaint served by June 26, 2025. Doc. 11 (citing Fed. R. Civ. P. 4(c)(1), (m)).[2]

On June 24, 2025, the clerk of court, at Plaintiff's request, issued a summons for each Defendant and provided the summonses to a process server. Doc. 22. Attorney James G. Kontos, who has not appeared in this case, emailed copies of Plaintiff's *original* complaint to the process server. *See* Doc. 40 at 4; *see also* Doc. 30-1; Doc. 30-2; Doc. 30-3; Doc. 30-4 (copies of documents provided to process server and served).

On June 27, 2025, the process server personally served Defendants Spivey, Huggins, Chunn and Pridgeon with a summons and copy of Plaintiff's original complaint. *See* Docs. 23, 30-1, 30-2, 33. On July 2, 2025, the process server personally served Defendant Hitchcock with a summons and copy of Plaintiff's original complaint. *See* Doc. 30-3. On July 16, 2025, the process server personally served Defendant Allen with a summons and copy of Plaintiff's original complaint. *See* Doc. 30-4.

On July 24, 2025, Defendants filed a motion under Federal Rules of Civil Procedure 12(b)(4) and 4(c), (m) to quash process as insufficient and

---

[2] The undersigned denied Plaintiff's request to order the United States Marshals Service to serve the amended complaint. *See* Docs. 16, 19.

to dismiss this case. Doc. 30. Defendants' motion was accompanied by a motion to extend time and to accept the motion to quash and dismiss as timely filed. Doc. 31.

Plaintiff, in a consolidated filing, responded to Defendants' motions and also requested a default judgment against Defendants on the ground that they failed to file their responsive pleading within 21 days after service of the summons and original complaint. Doc. 40. Defendants oppose Plaintiff's motion. Doc. 43.

On August 1, 2025, the undersigned required the parties to confer and attempt to resolve their respective motions without the court's intervention. Doc. 36. The parties did not resolve their motions, although they agree on the procedural history outlined above. *See* Doc. 30 at 2–3; Doc. 40 at 1–4; Doc. 43 at 1–3.

## II.  LEGAL STANDARDS

### A.    Service of Process

Federal Rule of Civil Procedure 4 provides: "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Service of process is

required to invoke the District Court's personal jurisdiction over a defendant. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). The plaintiff bears the burden of showing that a defendant properly was served. *See Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

> Rule 4(m) sets limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

## B.  Time to Serve Responsive Pleading; Extending Time

A defendant must serve a responsive pleading within 21 days after being served with process. Fed. R. Civ. P. 12(a)(1)(A)(i). But a defendant may assert a number of defenses by motion, including insufficient process and insufficient service of process. *See* Fed. R. Civ. P. 12(b)(4), (5).

The court "may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable

neglect." Fed. R. Civ. P. 6(b)(1). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)). "To determine if there was excusable neglect, the court considers the following factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Ashmore*, 503 F. App'x at 685–86 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

## C. **Default; Default Judgment**

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment. *Glennon v. Rosenblum*, 325 F. Supp. 3d 1255, 1261 (N.D. Ala. 2018). The first step requires a plaintiff to move for a Clerk's default when a defendant fails to plead or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a); *see also Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (per curiam) (citing Fed. R. Civ. P. 55(a)). If the Clerk

thereafter enters a default against the defendant and the defendant is not an infant or an incompetent person, the second step calls for the plaintiff to seek a default judgment against the defendant. *Glennon*, 325 F. Supp. 3d at 1261 (citing Fed. R. Civ. P. 55(b)(2)).

To obtain either of these forms of relief, however, a plaintiff must show at a minimum that he has properly effected service of process on the defendant. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (because the plaintiff failed to properly serve a defendant, the court lacked jurisdiction over the matter and could not enter either a default judgment or a Clerk's default against the defendant) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003), and *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014)); *Chambers v. Halsted Fin. Servs., LLC*, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014).

### III.  DISCUSSION

### A.  Defendants' Rule 12(b) Motion Should Be Accepted As Timely Filed

Defendants Chunn, Huggins, Pridgeon, Spivey and Hitchcock acknowledge that their Rule 12 motion, filed on July 24, 2025, was beyond the 21-day deadline to file a responsive pleading. Doc. 31 at 3.

The deadline for Chunn, Huggins, Pridgeon and Spivey to file a responsive pleading or motion was July 18, 2025. *Id*. The deadline for Hitchcock to file a responsive pleading or motion was July 23, 2025. *Id*.

Defendants allege that their response was delayed because the Division of Risk Management of the Florida Department of Financial Services—the office that determines which cases seeking damages are assigned to the Office of the Attorney General or private counsel—did not notify the Office of the Attorney General of this lawsuit until July 22, 2025. Doc. 31 at 3. Defendants' counsel was assigned to this case on the afternoon of July 23, 2025. *Id*. Defendants' counsel immediately began investigating whether Defendants were properly served and, on July 24, 2025, served Defendants' motion to quash service and to dismiss. *Id*.

Defendants' allegations demonstrate good cause and excusable neglect for their respective one- and six-day delays in filing their Rule 12 motion. The delay was not caused by Defendants or their counsel. Defendants' counsel acted diligently upon being assigned this case. Plaintiff also has not shown prejudice from the brief delay. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (nonmovant was not prejudiced by movant's six-day delay). The brief

delay did not impact the efficiency of the Court's case management.

Thus, the undersigned recommends that the District Court grant Defendants' motion to extend time, Doc. 31, and accept Defendants' motion to quash and dismiss, Doc. 30, as timely filed.

## B.  <u>Defendants' Motion To Quash Service Should Be Granted</u>

Defendants move to quash service for insufficient process. Doc. 30 at 4–5. Defendants allege that the process server delivered to each of them a summons and copy of the *original* complaint instead of Plaintiff's amended complaint. Doc. 30 & Attach.

Proper service of process requires that both a valid summons and the operative complaint be served on each defendant. *See* Fed. R. Civ. P. 4(c)(1). "As a matter of law," an amended complaint supersedes an original complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). When a plaintiff files an amended complaint, the original complaint is "abandoned by the amendment," and the prior complaint becomes "a legal nullity." *Id.* (quotation marks omitted); *see also Middlebrooks v. Kasmar*, 2025 WL 1157148, at *1 (11th Cir. Apr. 21, 2025) (same).

Thus, service of a superseded complaint is insufficient service. *Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (service of original complaint was deficient service because original complaint was superseded by amended complaint at the time of service); *Williams v. Fla. Med. Bd.*, 2025 WL 1712431, at *1 (N.D. Fla. Mar. 27, 2025) (service was defective and improper because the plaintiff served the defendant with a complaint that was not the operative (third amended) complaint); *Gilles v. United States*, 906 F.2d 1386, 1390 (10th Cir. 1990) ("where an amended pleading supersedes the original complaint, subsequent service of the superseded prior or original pleading is improper" (internal quotation marks and citation omitted)).

Plaintiff concedes the service error and attributes the error to attorney Kontos. Originally, Plaintiff denied Kontos's involvement. *See* Doc. 37 at 3 ¶ 10 ("[I]t was a clerical error in regards to 'The Law Office of James G. Kontos' being on the 'Return of Service,' as Plaintiff is handling and litigating this case Pro Se."). Now, Plaintiff acknowledges Kontos's involvement:

> Plaintiff, being incarcerated, relied on the Law Offices of James G. Kontos, as a courtesy, to email a copy of the Complaint to the Process Server. Plaintiff contends that attorney Kontos and/or nobody in his firm, represent and/or

> are doing anything further to assist the Plaintiff in this case. Therefore, Plaintiff had no knowledge that Defendants were served the "original complaint" and not the "amended complaint" until [Plaintiff] received a copy of the Defendant's untimely motions filed on July 24, 2025.

Doc. 40 at 4. Plaintiff is bound by his chosen agent's errors. *New York v. Hill*, 528 U.S. 110, 115 (2000); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962). Because service of process on Defendants was defective and improper, service must be quashed.

"Where a defendant has not been properly served, courts have discretion to quash service or dismiss that defendant from the action." *Mcgee v. Cook*, 2011 WL 1365024, at *4 (M.D. Fla. Apr. 11, 2011) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)). Dismissal is disfavored, however, if there is a "reasonable prospect that service may yet be obtained." *Umbenhauer*, 969 F.2d at 30. Thus, where service is "insufficient but curable," courts "generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quotation omitted).

Plaintiff's defective service on Defendants can be cured. Thus, the proper remedy is to quash service as opposed to dismissing Defendants

for insufficient process or insufficient service of process.

## C.    <u>Plaintiff's Motion For Default Judgment Must Be Denied</u>

Plaintiff's motion for default judgment must be denied. Plaintiff admits—and the record demonstrates—that Plaintiff failed to serve Defendants with a copy of the operative complaint. *See* Doc. 40. Thus, Plaintiff is not entitled to a Clerk's default or a default judgment. *See* Fed. R. Civ. P. 55; *Colclough*, 734 F. App'x at 662.

## D.    <u>The District Court May Extend Plaintiff's Deadline to Serve the Amended Complaint</u>

Defendants urge the District Court to dismiss this action because Plaintiff failed to effect proper service within the time required by Rule 4(m) and this Court's deadline of June 26, 2025. *See* Docs. 11, 16, 19.

Plaintiff asserts several reasons why he failed to serve Defendants by the deadline. Docs. 27, 40. First, Plaintiff alleges that "the Clerk never issued the Summons for each Defendant until two (2) days before the June 26th, 2025 deadline by this Court." Doc. 40 at 4. It was Plaintiff's responsibility, however, to request summonses. Neither Federal Rule 4, nor any of the undersigned's orders, required the Clerk to issue a summons before Plaintiff requested it. The Clerk is not obligated to issue a summons *sua sponte*.

Next, Plaintiff asserts that "the Process Server acted immediately as soon as the Defendants made themselves available for Process, despite having a heart attack on June 20th, 2025, in order to be as close to the deadline as possible." Doc. 40 at 4; *see also* Doc. 27 at 1. To the extent Plaintiff suggests that factors outside Plaintiff's control caused untimely service, the argument fails. Plaintiff did not request issuance of the summonses *until June 24, 2025*—two days before the service deadline. *See* Doc. 22. Additionally, the service returns establish that as a result of Plaintiff's delay, the process server did not receive the necessary service documents until June 26, 2025, which was the service deadline. *See* Docs. 23, 24, 25, 26; *see also* Fed. R. Civ. P. 4(c)(1). The service returns also establish that Defendants "made themselves available" for service the very day the process server contacted them at their places of employment. *See* Docs. 23, 24, 25, 26, 30-4, 33. There are no facts suggesting that any Defendant evaded or delayed service.

Third, Plaintiff asserts that he "had no knowledge that Defendants were served the 'original complaint' and not the 'amended complaint' until [Plaintiff] received a copy of the Defendant's untimely motions filed on July 24, 2025." Doc. 40 at 4. It was incumbent upon *Plaintiff*, however,

to ensure that the proper documents were furnished to the process server, and that they were furnished in sufficient time to ensure timely service.

To the extent Plaintiff suggests that his incarceration establishes good cause, the argument is unavailing. The record establishes that from the outset of this case, Plaintiff has been assisted by more than one attorney. *See* Doc. 16 at 2-3 (describing assistance from attorney Loren Rhoton); Doc. 19 at 2 n.2 (same); Doc. 18 at 1 (Plaintiff's statement: "Plaintiff . . . only received notice of recent Court Order on June 1st, 2025 by an attorney, . . ."); Doc. 25-1 (service return indicating that service was arranged by "James Kontos, Law Office Of James G. Kontos"); Doc. 40 at 4 (Plaintiff describing assistance from Kontos); Doc. 40, Ex. A (process server's invoice listing Plaintiff's contact number as "(321) 242-9777" which is Kontos's law office).

In short, Plaintiff has not shown good cause for failing to effect service before the deadline. Thus, the District Court has the discretion to dismiss this action without prejudice or order that proper service be made within a specified time. *See* Fed. R. Civ. P. 4(m); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). ("Absent a

showing of good cause, the district court has the discretion to extend the time for service of process.").

The factors favoring dismissal are: (1) Plaintiff will not be prejudiced by dismissal because Plaintiff can simply re-file this lawsuit;[3] (2) Plaintiff's *pro se* status and incarceration does not warrant additional latitude to correct defects in service given that Plaintiff has had an attorney assisting Plaintiff with service of process; and (3) an extension of time at this juncture would be well beyond the 90-day limit for service.

The factors favoring an extension of time for service are: (1) Plaintiff promptly sought to correct the service defect by requesting that the Clerk re-issue summonses, Doc. 37 at 2; (2) Plaintiff sought an extension of the service deadline before the deadline expired but at that time failed to allege circumstances justifying the requested 60-day extension, Doc. 18; and (3) Defendants had actual notice of this lawsuit a day after the service deadline expired and will not be prejudiced by an extension.

---

[3] The events giving rise to this lawsuit occurred in September 2022.

The undersigned recommends that the District Court give Plaintiff an opportunity to correct the service defect and set a new service deadline.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **GRANT** Defendants' motion to extend time, Doc. 31, and accept Defendants' Rule 12(b) motion, Doc. 30, as timely filed.

2.    **GRANT IN PART** and **DENY IN PART** Defendants' motion to quash service and dismiss this case, Doc. 30, as follows:

      a.    **GRANT** Defendants' motion to quash service.

      b.    **DENY** without prejudice Defendants' motion to dismiss.

3.    **DENY** Plaintiff's amended motion for a default judgment, Doc. 40.

4.    **ORDER** Plaintiff to properly serve Defendants within **21 days** of the order addressing this report and recommendation.

At Panama City, Florida, this 18th day of September 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**