## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JOSEPH LUZIER, III,

      Plaintiff,

v.                           Case No.  4:24-cv-524-MW-MJF

V. HUGGINS, *et al.,*

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed without prejudice for Plaintiff's failure to comply with court orders and failure to timely serve Defendants.

### PROCEDURAL HISTORY

Almost one year ago, on February 21, 2025, Plaintiff filed an amended civil-rights complaint. Doc. 10. Plaintiff is suing six prison officials who worked at the Wakulla Correctional Institution: Sergeant Huggins, Sergeant Chunn, Sergeant Spivey, Sergeant Hitchcock, Classification Supervisor Pridgeon and Warden Allen. Plaintiff alleges that in September 2022, Defendants were deliberately indifferent to Plaintiff's safety when they housed Plaintiff in a particular dormitory

despite Plaintiff's "safety concern" and Plaintiff's request to be housed in a different dormitory.

On March 28, 2025, the undersigned ordered Plaintiff to comply with Rule 4's service requirements by June 26, 2025. Doc. 11 (citing Fed. R. Civ. P. 4(c)(1), (m)).[1]

Two days before that deadline, on June 24, 2025, Plaintiff requested, and the clerk of court issued a summons for each Defendant and provided the summonses to a process server. Doc. 22. Attorney James G. Kontos, who has not appeared in this case, emailed copies of Plaintiff's *original* complaint to the process server. *See* Doc. 40 at 4; *see also* Doc. 30-1; Doc. 30-2; Doc. 30-3; Doc. 30-4 (copies of documents provided to process server and served).

On June 27, 2025, the process server personally served Defendants Spivey, Huggins, Chunn and Pridgeon with a summons and copy of Plaintiff's original complaint. *See* Docs. 23, 30-1, 30-2, 33. On July 2, 2025, the process server personally served Defendant Hitchcock with a summons and copy of Plaintiff's original complaint. *See* Doc. 30-3. On

---

[1] Plaintiff paid the filing fee. Doc. 6.

July 16, 2025, the process server personally served Defendant Allen with a summons and copy of Plaintiff's original complaint. *See* Doc. 30-4.

Defendants moved to quash process and to dismiss this case because they were not served with the operative complaint—the amended complaint. Doc. 30. On October 17, 2025, the District Court determined that service was defective, quashed service, and gave Plaintiff an opportunity to cure the service defect. Doc. 46. **The District Court ordered Plaintiff to properly serve each Defendant by November 12, 2025.** *Id.*

On October 31, 2025, Plaintiff requested that the service deadline be extended to November 27, 2025. Doc. 48. The undersigned granted Plaintiff's request and extended Plaintiff's deadline to November 27, 2025. Doc. 49.

On November 25, 2025, Plaintiff requested an additional extension and pledged that Plaintiff would serve Defendants by December 11, 2025. Doc. 50. The undersigned granted the extension and ordered Plaintiff to provide—by December 29, 2025—proof that Plaintiff properly served each Defendant on or before December 11, 2025. Doc. 51.

Plaintiff did not serve Defendants. On December 29, 2025, Plaintiff filed a "Motion to Compel." Doc. 52. Plaintiff alleged that Plaintiff's process server told Plaintiff that "Defendants are not making themselves available for service" at the employment addresses Plaintiff provided. *Id.* at 1. Plaintiff requested that this court:

> (1) "order Defendants to make themselves available for service no later than January 30, 2026";
>
> (2) "waive service of the Amended Complaint";
>
> (3) "grant an extension again to serve the Defendants due to it being no fault of the Plaintiff that Defendants have not been served."

Doc. 52 at 2.

On January 9, 2026, this court denied Plaintiff's motion to compel because Plaintiff's bald accusation that Defendants were evading service ran counter to facts of record. *See* Doc. 53 at 3; *see also* Doc. 44 at 13 (noting that the original service returns established that Defendants "made themselves available" for service the very day the process server contacted them at their places of employment).

Also, Plaintiff offered no legal authority for the proposition that *a court* may "waive" the service requirement. *Id.* at 3–4. Lastly, the fact

that Plaintiff's process server was not successful in serving Defendants did not, by itself, show good cause for Plaintiff's failure to comply with the service deadline. *Id.* at 4. Nevertheless, this court accommodated Plaintiff a "final time" and gave Plaintiff until January 30, 2026—the date Plaintiff requested—to properly serve each Defendant or obtain a waiver of service. Doc. 53 at 4–5. The undersigned warned Plaintiff that: "**It is likely that this court will not grant any further extensions of time**. . . ." *Id.* at 4.

On January 21, 2026, Plaintiff filed another motion for extension of time. Doc. 56. Specifically, Plaintiff requested "an Order giving the Plaintiff until March 2, 2026 to properly serve the Defendants and provide proof to this Court." *Id.* at 2–3. In support, Plaintiff alleged:

(1) Plaintiff was in the hospital from December 29, 2025 to January 6, 2026, and was released to the South Florida Reception Center;

(2) Plaintiff "never received a copy of this Court's Order" dated January 9, 2026;

(3) Plaintiff's legal property was at Dade CI; and

(4) Plaintiff was unable to contact his process server until Plaintiff received his legal property.

Doc. 56.

On January 27, 2026, the undersigned denied an extension of time because Plaintiff failed to show good cause for a further extension. Doc. 57. Although Plaintiff alleged that he never received a copy of the January 9, 2026 order, the record reflected that on January 13, 2026 Plaintiff left a voicemail with the clerk of this court stating that Plaintiff was aware of the January 9 order. Doc. 54. Plaintiff requested that the clerk of court send a copy of the January 9 order to Plaintiff at the South Florida Reception Center. *Id*. That same day, the clerk of court mailed a copy of the January 9 order to Plaintiff at SFRC, along with the waiver forms accompanying that order. *Id*.

Plaintiff also failed to show that the earlier hospitalization and alleged lack of access to legal property impeded Plaintiff's ability to comply with the January 30 deadline. On the contrary, Plaintiff demonstrated that he had been able to promptly access and obtain necessary information and court documents through alternative means. Accordingly, the undersigned denied an additional extension and ordered Plaintiff to file the following by January 30, 2026:

    1.    proof that each Defendant was properly served with a summons and copy of Plaintiff's amended complaint, **OR**

    2.    proof that Plaintiff mailed to each Defendant a request to waive service in compliance with Federal Rule of Civil Procedure 4(d)(1).

Doc. 57. The undersigned warned Plaintiff that failure to file the required items by the January 30, 2026 deadline would result in this case being dismissed for Plaintiff's failure to comply with a court order and failure to timely serve Defendants.

To date, Plaintiff has not filed proof that by the January 30 deadline, each Defendant was properly served or was mailed a request to waive service.

## FEDERAL RULE OF CIVIL PROCEDURE 4(m)

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within [ninety] days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Before dismissing an action under Rule 4(m), a district court also must "consider whether any other circumstances warrant an extension of time based on the facts of the case." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (internal quotation marks omitted). Circumstances that may warrant an extension of time include when the statute of limitations would prevent refiling. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

## DISCUSSION

Plaintiff has not timely served Defendants or requested waivers of service. Plaintiff has not established good cause for a further extension. Plaintiff's incarceration does not establish good cause. Plaintiff has had access to a process server, and has the means to communicate by telephone and mail.

Additionally, the record establishes that from the outset of this case, Plaintiff has been assisted by more than one attorney. *See* Doc. 16 at 2-3 (describing assistance from attorney Loren Rhoton); Doc. 19 at 2 n.2 (same); Doc. 18 at 1 (Plaintiff's statement: "Plaintiff . . . only received notice of recent Court Order on June 1st, 2025 by an attorney, . . ."); Doc. 25-1 (service return indicating that service was arranged by "James

Kontos, Law Office Of James G. Kontos"); Doc. 40 at 4 (Plaintiff describing assistance from Kontos); Doc. 40, Ex. A (process server's invoice listing Plaintiff's contact number as "(321) 242-9777" which is Kontos's law office).

The record does not suggest that there are any circumstances that warrant a further extension. The statute of limitations does not warrant an extension, because the events giving rise to this lawsuit occurred in September 2022.

Because Plaintiff failed to timely serve Defendants and has not shown good cause for a further extension of time to do so, the District Court should dismiss this case under Rule 4(m). *See, e.g., Daker v. Ward*, No. 23-10609, 2023 WL 7182358, at *3–4 (11th Cir. Nov. 1, 2023) (district court did not abuse its discretion when it refused to order United States Marshals Service to effect service on Defendants, and dismissed fee-paying prisoner's complaint under Rule 4(m)).

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1.    **DISMISS** this civil action without prejudice for Plaintiff's failure to timely effect service or obtain waivers of service.

2.    **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>12th</u> day of February, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**